to recover secret profits alleged to have been gained by defendant in a real estate transaction wherein defendant acted as broker for plaintiff's assignor. The complaint alleged that plaintiff's assignor had employed defendant to obtain a purchaser for a dominant lease; that defendant obtained a purchaser who was willing to purchase only if a sublease was canceled; that defendant, as part of his employment, undertook to procure a cancellation of the sublease which he did in consideration of a substantial payment to the sublessee by plaintiff's assignor; that thereupon the sale of the dominant lease went through and defendant was paid the agreed commission; that thereafter plaintiff's assignor learned that defendant had also received a commission out of the money paid by it to secure the surrender of the sublease. The answer was that plaintiff's assignor had full and complete knowledge of the transaction.

Henry M. Flateau for appellant.

Henry Waldman and Joseph G. Abramson for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ABRAHAM J. HABER, Appellant, v. SAM SEIFF, Respondent.

*Vendor and purchaser — contract — specific performance — action to compel specific performance of alleged contract to purchase real property.*

Haber v. Seiff, 222 App. Div. 765, affirmed.

(Argued May 2, 1928; decided May 29, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1927, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was to compel specific per-

Prepared by State Reporter from Appeal Papers

formance of an alleged contract to purchase real property which was evidenced by a memorandum reading as follows:

" A. J. HABER                          " *August 1st*, 1925.

" Received from Sam Seiff $1,000 on account of purchase price on premises known as 107–15 Blvd. Rockaway Beach, N. Y. Store property with six rooms plot 25 x 99 or more. Additional Two Thousand Dollars on signing contract Thurs. Aug. 6th, 1925 8:30 P. M. at home of buyer 169 Beach 124th St. Balance of 1st Mortgage to be due and payable five years from date of taking title. Said mortgage to bear interest at rate of 6% Six per cent annum. ($5,000) Five Thousand Dollars cash to be paid on taking title. Sum of ($13,000) Thirteen Thousand Dollars to be a first mortgage. Purchase price is ($21,000) Twenty-one Thousand Dollars. Title to be closed sixty days from date of signing contract. Broker in this deal is Charles Robertson. Commission to be $2\frac{1}{2}$%.

" Date of purchase Aug. 1st, 1925.

                          " A. J. HABER,
                                " *Owner*."

The defense was that at the time fixed the plaintiff had refused to execute a formal contract as provided in the memorandum.

*Charles H. Kelby* and *Isidor Cohn* for appellant.

*George W. Glaze* and *Milton C. Weisman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.